# EXHIBIT 4



**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

| | | |
|---|---|---|
| IN RE REMERON ANTITRUST LITIGATION | : | Consolidated Case |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : | |
| | : | Master Docket No. 02-2007 (FSH) |

ORIGINAL FILED

JUN 1 2 2003

WILLIAM T. WALSH, CLERK

| | | |
|---|---|---|
| MEIJER, INC., | : | |
|       Plaintiff, | : | |
| v. | : | |
| ORGANON INC. and AKZO NOBEL N.V., | : | Civil Action No. 03-85 (FSH) |
|       Defendants. | : | |
| | : | |
| | : | |
| | : | |

ENTERED

LOUISIANA WHOLESALE DRUG COMPANY,          :
INC., on behalf of itself and all others similarly
situated,                                   :

       Plaintiff,                       :

v.                                          :

ORGANON INC. and AKZO NOBEL N.V.,           :        Civil Action No. 03-323 (FSH)

       Defendants.                      :

                                           :

                                           :

                                           :

                                           :

                                           :

---

ORGANON INC. and AKZO NOBEL N.V.,           :

       Plaintiffs/Counterclaim Defendants.   :

v.                                          :

                                           :

MYLAN PHARMACEUTICALS, INC.,                :        Docket Nos. 01-2171 (FSH) and
                                               01-3835 (FSH)

       Defendant/Counterclaimant.       :

                                           :

                                           :

                                           :

ORGANON INC. and AKZO NOBEL N.V.,                      :

      Plaintiffs/Counterclaim Defendants,                   :

                                                                                   :

                                                                                   :

v.                                                                                  :

                                                                                   :      Docket No. 01-2682 (FSH)

                                                                                   :

TEVA PHARMACEUTICALS USA, INC.,                        :

      Defendant/Counterclaimant and                          :

TEVA PHARMACEUTICAL INDUSTRIES LTD.,                   :

      Counterclaimant.                                       :

                                                                                   :

                                                                                   :

                                                                                   :

                                                                                   :

ORGANON INC. and AKZO NOBEL N.V.                 :

        Plaintiffs/Counterclaim Defendants,      :

v.                                               :

ALPHAPHARM PTY. LTD.,                            :

        Defendant/Counterclaimant.              :            Docket No. 02-190 (FSH)

                                                 :

                                                 :

                                                 :

                                                 :

                                                 :

                                                 :

## AMENDED CASE MANAGEMENT ORDER NO. 1

### (REGARDING CERTAIN ORGANIZATIONAL MATTERS)

**WHEREAS,** various actions have been filed against Akzo Nobel N.V. ("Akzo")
and Organon Inc. now Organon USA Inc. ("Organon") in the United States District Court
of the District of New Jersey seeking to recover money damages and equitable relief from
injuries allegedly sustained by end-payors of Remeron® (the "End-Payor Class Actions"
or the "End-Payor Actions"); and

**WHEREAS,** by Order dated June 25, 2002, this Court has provided for
consolidation of the End-Payor Class Actions filed in or transferred into the District and
for an organization of plaintiffs' counsel in the End-Payor Class Actions to coordinate

their efforts in these actions; and

WHEREAS, Cohen Milstein, Hausfeld & Toll, P.L.L.C. has withdrawn as counsel in the End-Payor Class Actions; and

WHEREAS, on January 8, 2003, Meijer, Inc. filed an action (the "Meijer Action") on behalf of itself and other similarly situated direct purchasers of Remeron® against Akzo Nobel and Organon in the United States District Court for the District of New Jersey seeking to recover money damages and equitable relief from injuries allegedly sustained by direct purchasers of Remeron®; and

WHEREAS, on January 23, 2003, Louisiana Wholesale Drug Company, Inc. ("LWD") filed an action (the "LWD Action") on behalf of itself and other similarly situated direct purchasers of Remeron® against Organon and Akzo in the United States District Court for the District of New Jersey seeking to recover money damages and equitable relief from injuries allegedly sustained by direct purchasers of Remeron® (the LWD Action and the Meijer Action are collectively referred to herein as "the Direct Purchaser Class Actions" or "the Direct Purchaser Actions"); and

WHEREAS, on April 21, 2003, to promote judicial efficiency and avoid duplication, this Court ordered that the Meijer Action and the LWD Action be consolidated for pretrial purposes as the Direct Purchaser Class Actions and any similarly situated Direct Purchaser Action filed in or transferred into the District be likewise consolidated; and

WHEREAS, counterclaims seeking to recover money damages and equitable relief from injuries allegedly sustained by Mylan Pharmaceuticals Inc., Teva

Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., and Alphapharm Pty.

Ltd. manufacturers of the generic equivalent of Remeron® (the "Patent Counterclaims"),

have been filed against Akzo Nobel and Organon in the United States District Court for

the District of New Jersey in Organon Inc., et al. v. Mylan Pharmaceuticals Inc., Nos.

01-CV-2171 and 01-CV-3835; Organon Inc., et al. v. Teva Pharmaceuticals USA, Inc. et

al. No. 01-2682, and Organon Inc., et al. v. Alphapharm Pty. Ltd., No. 01-4246

(collectively the "Patent Actions"); and

WHEREAS, on April 21, 2003, the Court held a status conference of all counsel

in the End-Payor, Direct Purchaser and Patent Actions (the "Actions"); and

WHEREAS, the Court addressed certain pending issues regarding discovery,

scheduling and case management; and

WHEREAS, the Court and the parties desire to promote judicial economy, and

avoid duplication; and

WHEREAS, in order to promote judicial economy and avoid duplication, the

parties have requested that the Court provide for coordination solely for pretrial purposes

among the Actions; and for good reason shown

IT IS ON THIS ____11th____ DAY OF ___June___, 2003, HEREBY

ORDERED as follows:

## I.    COORDINATION AND CONSOLIDATION OF ACTIONS

1.    Any Direct Purchaser Class Action now pending or hereafter filed in this

Court, or transferred to this Court, which arises out of the same operative facts as the

above-captioned actions, is or will be consolidated for pretrial purposes with the existing

6

Direct Purchaser Actions (collectively, the "Consolidated Direct Purchaser Class Actions").

2.    Any End-Payor Class Action now pending or hereafter filed in this Court, or transferred to this Court, which arises out of the same operative facts as the above-captioned actions, is hereby consolidated for pretrial purposes with the existing End-Payors Actions (collectively, the "Consolidated End-Payor Class Actions").

3.    Any Patent Counterclaim now pending or hereafter filed in this Court, or transferred to this Court, which arises out of the same operative facts as the above-captioned actions, is hereby coordinated for pretrial purposes with the existing Patent Actions (collectively, the "Coordinated Patent Actions").

4.    The Consolidated Direct Purchaser Actions, the Consolidated End-Payor Actions, and the Coordinated Patent Actions, and any action now pending or hereinafter filed in this Court, or transferred to this Court, which arises out of the same operative facts as the above-captioned actions shall be coordinated for pretrial proceedings (collectively, the "Coordinated Actions").

5.    The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served

7

or added as such in accordance with the Federal Rules of Civil Procedure.

II.    **CAPTION OF CASES**

6.    Every pleading filed in the Consolidated Direct Purchaser Actions shall

bear the following caption:

| IN RE REMERON DIRECT PURCHASER ANTITRUST LITIGATION | Master Docket No. 03-CV-0085 (FSH) |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

7.    When a pleading or other Court paper filed in the Consolidated Direct

Purchaser Actions is intended to apply to all actions therein, the words "ALL ACTIONS"

shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the

caption set out above.  When a pleading or other Court paper is intended to be applicable

only to one, or some, but not all such actions, the party filing the document shall indicate

the actions(s) to which the document is intended to be applicable by last name of the

named plaintiff(s) and the docket number(s).

8.    Every pleading filed in the Consolidated End-Payor Class Actions shall

bear the following caption:

| IN RE REMERON END-PAYOR ANTITRUST LITIGATION | Master Docket No. 02-CV-2007 |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

9.      When a pleading or other Court paper filed in the Consolidated End-Payor

Class Actions is intended to apply to all actions therein, the words "ALL ACTIONS"

shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the

caption set out above.  When a pleading or other Court paper is intended to be applicable

only to one, or some but not all such actions, the party filing the document shall indicate

the action(s) to which the document is intended to be applicable by last name of the

named plaintiff(s) and the docket number(s).

10.     When a pleading or other Court paper filed in the Coordinated Patent

Actions is intended to apply to more than one action therein, the captions for each of the

actions to which the pleadings or Court paper is intended to apply shall appear.

III.    **MASTER DOCKET, MASTER FILE AND**
        **SEPARATE ACTION DOCKETS**

11.     A Master Docket has been established for the End-Payors Actions.  A

Master Docket and Master File are hereby established for the Consolidated Direct

Purchaser Actions.  When a new Direct Purchaser or End-Payor Action is subsequently

filed in or transferred to this Court, then it will be added to and incorporated with the

respective Master Docket and Master File.

12.     Documents shall bear the captions, as provided in paragraphs 6 and 8

9

above, of the actions in which the authors intended documents to be served and filed.
Entries shall be made on the dockets, and copies of documents placed in the files, of those
actions whose captions appear on the pleading or Court papers.

13.    Separate dockets shall be maintained for each related Direct Purchaser and
End-Payor Class Action subsequently filed in or transferred to this Court, and entries
shall be made therein in accordance with the regular procedures of the Clerk of this
Court, except as modified by this Order or a future order of this Court.

14.    When a pleading or other Court paper is filed and the caption, pursuant to
paragraphs 6 and 8 above, shows that it is to be applicable to "ALL ACTIONS," the
Clerk shall file such pleading or other Court paper in the Master File and note such filings
in the Master Docket. No further copies need to be filed or docket entries made.

15.    When a pleading or other Court paper is filed and the caption, pursuant to
paragraphs 6 and 8 above, shows that it is to be applicable to fewer than all actions that
are consolidated or coordinated before this Court, the Clerk need file such pleading or
other Court paper only in the Master File, but nonetheless shall note such filing in both
the Master Docket and in the docket of each such action.

IV.    **NEWLY FILED OR TRANSFERRED ACTIONS**

16.    When a case which relates to the subject matter of the Consolidated Direct
Purchaser Class Actions is hereafter filed in this Court or transferred here from another
Court, the Clerk of this Court shall:

        (a)    Make an appropriate entry in the Master Docket;

        (b)    Place a copy of this Order in the separate file for such

10

action;

    (c)    Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case and to the attorneys for the new defendant(s) in the newly filed or transferred case; and

    (d)    Mail a copy of the Order of Assignment to counsel for Plaintiffs and to counsel for Defendants in the Coordinated Actions.

17.    When a case that relates to the subject matter of the Consolidated End-Payor Class Actions is hereafter filed in this Court or transferred here from another Court, the Clerk of this Court shall:

    (a)    Make an appropriate entry in the Master Docket;

    (b)    Place a copy of this Order in the separate file for such action;

    (c)    Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case and to the attorneys for the new defendant(s) in the newly filed or transferred case; and

    (d)    Mail a copy of the Order of Assignment to counsel for Plaintiffs and to counsel for Defendants in the Coordinated Actions.

18.    When an antitrust action by a generic manufacturer or distributor that relates to the subject matter of the Coordinated Patent Actions is hereinafter filed in this Court or transferred here from another Court, the Clerk of this Court shall:

    (a)    Place a copy of this Order in the separate file of such action;

    (b)    Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case and to the

attorneys for the new defendant(s) in the newly filed or
transferred case; and

(c)    Mail a copy of the Order of Assignment to counsel for
Plaintiffs and to counsel for Defendants in the Coordinated
Actions.

19.    This Court requests the assistance of counsel in calling to the attention of

the Clerk of the Court the filing or transfer of any case which might properly be

consolidated or coordinated as part of the Consolidated Direct Purchaser Actions, the

Consolidated End-Payor Actions or the Coordinated Patent Actions.

20.    This Order shall apply to each such case referenced in paragraphs 16-18

above subsequently filed in this Court or transferred to this Court unless a party objecting

to the coordination or consolidation of such case or to provision of this Order shall,

within seven (7) days after the date upon which an Order is mailed to counsel for such

party, file an application for relief from provision and this Court deems it appropriate to

grant such application.

V.    **ORGANIZATION OF COUNSEL**

Consolidated Direct Purchaser Actions

21.    The Consolidated Direct Purchaser Actions are listed in Schedule A.

Schedule A shall be amended to include any action brought on behalf of a putative class

of direct purchasers of Remeron® subsequently filed or transferred to this Court.

22.    The Court designates the following to act on behalf of all plaintiffs in the

Consolidated Direct Purchaser Actions, with responsibilities hereinafter described:

(a)    As Liaison Counsel in the Consolidated Direct Purchaser Actions:

12

Peter S. Pearlman, Esq.
COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Tel: (201) 845-9600
Fax: (201) 845-9423

(b)    As Co-Lead Counsel in the Consolidated Direct Purchaser Actions shall be

the following two firms:

Bruce E. Gerstein, Esq.
GARWIN, BRONZAFT, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055
Fax: (212) 764-6620

Linda P. Nussbaum, Esq.
Michael Hausfeld, Esq.
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
825 Third Avenue, 30th Floor
New York, NY 10022
Tel: (212) 838-7797
Fax: (212) 838-7745

## Consolidated End-Payor Actions

23.    The Consolidated End-Payor Class Actions are listed in Schedule B.

Schedule B shall be amended to include any action brought on behalf of a putative class

of end payors of Remeron® subsequently filed or transferred to this Court.

24.    The Court designates the following to act on behalf of all plaintiffs in the

Consolidated End-Payor Purchaser Class Actions, with the responsibilities hereinafter

described:

(a)    As Liaison Counsel in the Consolidated End-Payor Class Actions:

Lisa J. Rodriguez, Esq.

13

TRUJILLO RODRIGUEZ & RICHARDS LLC
3 Kings Highway East
Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax:(856) 795-9887

(b)     As Co-Lead Counsel in the Consolidated End-Payor Class Actions shall be

the following two firms:

Arthur M. Kaplan, Esq.
FINE KAPLAN AND BLACK, RPC
1845 Walnut Street, 23rd Floor
Philadelphia, PA 19103
Tel: (215) 567-6565
Fax:(215) 568-5872

Joseph H. Meltzer, Esq.
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Tel: (610) 667-7706

## Coordinated Patent Actions

25.     Counsel of Record for Mylan Pharmaceuticals Inc. shall be as follows:

Frank Holahan, Esq.
HARWOOD LLOYD, L.L.C.
130 Main Street
Hackensack, New Jersey, 07601
Tel: (201) 487-1080
FAX: (201) 487-4758

E. Anthony Figg, Esq.
Elizabeth A. Leff, Esq.
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
Tel:  (202) 783-6040
Fax: (202) 783-6031

26.     Counsel of Record for Teva Pharmaceuticals USA, Inc. and Teva

14

Pharmaceutical Industries Ltd. shall be as follows:

> Allyn Z. Lite, Esq.
> LITE DEPALMA GREENBERG & RIVAS, LLC
> Two Gateway Center, 12th Floor
> Newark, NJ 07102
> Tel: (973) 623-3000
> Fax: (973) 623-0858

> Thomas L. Creel, Esq.
> GOODWIN PROCTER, LLP
> 599 Lexington Avenue
> New York, NY 10022
> Tel: (212) 813-8800
> Fax: (212) 355-3333

> Kenneth Cohen, Esq.
> GOODWIN PROCTER, LLP
> Exchange Place
> Boston, MA 02109-2881
> Tel: (617) 570-1000
> Fax: (617) 523-1231

27. Counsel of Record for Alphapharm Pty. Ltd. shall be as follows:

> Arnold B. Calmann, Esq.
> SAIBER SCHLESINGER SATZ & GOLDSTEIN, L.L.C.
> One Gateway Center, 13th Floor
> Newark, NJ 07102
> Tel: (973) 622-3333
> Fax: (973) 622-3348

> Edgar H. Haug, Esq.
> Porter F. Fleming, Esq.
> FROMMER LAWRENCE & HAUG LLP
> 745 Fifth Avenue
> New York, New York 10151
> Tel: (212) 588-0800
> Fax: (212) 588-0500

28. Counsel of Record for Defendants in each and every one of the

Coordinated Actions is:

15

Kevin J. McKenna, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE, P.C.
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 596-4500

Dean Ringel, Esq.
P. Kevin Castel, Esq.
Patricia Farren, Esq.
Laurence T. Sorkin, Esq.
Joel Kurtzberg, Esq.
CAHILL GORDON & REINDEL llp
80 Pine Street 17th Floor
New York, NY 10005
Tel: (212) 701-3000

29.     <u>Liaison Counsel's Duties and Responsibilities</u>:  Liaison Counsel in the

Consolidated Direct Purchaser Actions and the Consolidated End-Payor Actions is

charged with performing on behalf of all plaintiffs in those respective actions

administrative matters such as communications between the Court and other counsel

(including receiving and distributing notices, orders, motions and briefs on behalf of the

group), advising parties of developments in the case and otherwise assisting in the

coordination of activities and positions.

30.     <u>Co-Lead Counsel's Duties and Responsibilities</u>.  Co-Lead Counsel in the

Consolidated Direct Purchaser Actions and Co-Lead Counsel in the Consolidated

End-Payor Actions, shall have sole authority over the following matters on behalf of all

plaintiffs in those respective actions: (a) meetings of counsel; (b) initiation, response,

scheduling, briefing and argument of all motions; (c)  the scope, order and conduct of all

discovery proceedings; (d) such work assignments to other counsel as they may deem

16

appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at

hearings and conferences with the Court; (g) the timing and substance of any settlement

negotiations with Defendants; (h) the presentation of any proposed settlements to the

Court; and (I) other matters concerning the prosecution of and resolution of their

respective cases.

31.    No motion shall be initiated or filed on behalf of any plaintiff in the (a)

Consolidated Direct Purchaser Actions except through Co-Lead Counsel or with Co-Lead

Counsel's consent or (b) Consolidated End-Payor Class Actions except through Co-Lead

Counsel or with Co-Lead Counsel's consent.

32.    Authority of Co-Lead and Liaison Counsel.  Co-Lead Counsel and Liaison

Counsel in the Consolidated Direct Purchaser Class Actions and Co-Lead Counsel and

Liaison Counsel in the Consolidated End-Payor Class Actions shall have sole authority to

communicate with Defendants' counsel and the Court on behalf of all plaintiffs in those

respective actions.  Defendants' counsel may rely on all agreements made with Co-Lead

Counsel or within the scope of their authority, Liaison Counsel, in the Consolidated

Direct Purchaser Class Actions or with Co-Lead Counsel or within the scope of their

authority, Liaison Counsel, in the Consolidated End-Payor Class Actions, and such

agreements shall be binding on all counsel in those respective actions.

33.    Counsel of Record for each of the Patent Counterclaimants shall be

responsible for the substantive conduct of his or her own case, including communications

with Counsel of Record for Organon and Akzo Nobel and the Court.

34.    Time Records.  All plaintiffs' counsel in the Consolidated Direct

17

Purchaser Class Actions and the Consolidated End-Payor Class Actions shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Counsel, or their designee as requested, in their respective cases.

## VI.   COORDINATION AND SCHEDULING

35.   Service upon Akzo Nobel N.V.  Counsel for Akzo Nobel N.V. ("Akzo Nobel") which has not been served or otherwise appeared in the Meijer Action or the LWD Action or any other Remeron-related direct purchaser action, has advised plaintiffs in the Meijer and the LWD Actions that mailing of an English language version of their respective complaints to a representative of Akzo Nobel in the Netherlands (to be identified) will be deemed to constitute effective service upon Akzo Nobel, with the preservation of all of its jurisdictional defenses.  In reliance upon such representation, plaintiffs shall not be required to take any steps beyond the foregoing to effectuate service of the Meijer Complaint or the LWD Complaint upon Akzo Nobel.  In the event that a Direct Consolidated Class Action Complaint is filed, service upon Akzo Nobel N.V. of the Direct Consolidated Class Action Complaint shall be effected in the same manner as described herein with respect to the Meijer and LWD Complaints.

36.   Time Within Which Akzo Nobel Must Respond to Properly Served Complaint.  To the extent an amended or consolidated pleading is served in the Direct Purchaser Actions, End-Payor Actions, and/or Patent Actions either by leave of Court or in accordance with the Federal Rules of Civil Procedure, Organon and Akzo Nobel shall answer, move or otherwise respond within sixty (60) days on service upon them.  A

18

consolidated complaint shall be filed in the Consolidated Direct Purchaser Actions no later than 30 days after the decision of the pending motion to dismiss the Direct Purchaser, unless the Court, in ruling on such motion, otherwise directs. No amended pleadings may be filed after November 1, 2003.

37.    Coordination. Co-Lead Counsel and Liaison Counsel in the Consolidated Direct Purchaser Actions, Co-Lead Counsel and Liaison Counsel in the Consolidated End-Payor Class Actions, and Counsel of Record for the Patent Actions shall reasonably coordinate to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other Court papers, discovery papers, and discovery practice. Communications in this regard between counsel for the Consolidated Direct Purchaser Class Actions, the Consolidated End Payor Class Actions and/or the Patent Actions shall not constitute a waiver of the attorney work product privilege, attorney client privilege or any other privilege or confidentiality claims.

38.    Status Teleconference. To promote coordination among Co-Lead Counsel in the Consolidated Direct Purchaser Actions, Co-Lead Counsel in the Consolidated End-Payor Class Actions, and Counsel of Record for the Patent Actions and to further promote judicial economy and avoid duplication, the aforementioned Counsel and Counsel of Record for Akzo Nobel and Organon shall have a status teleconference on the fourth Wednesday of every other month beginning with Wednesday, May 28, 2003 at 11:00 a.m. Eastern time.

39.    Written and Deposition Discovery. Written and deposition discovery shall proceed in the following fashion:

19

(a)    All non-privileged discovery materials previously produced
by any party in the Patent Actions and all submissions to the Court in the
Patent Actions (including, but not limited to, pleadings and exhibits that
were filed with the Court; correspondence with the Court; deposition
and/or hearing transcripts; expert reports; exhibits attached to any expert
reports and/or marked at any depositions and/or hearings; affidavits and
memoranda filed with the Court in connection with any summary
judgment motions in the Patent Actions; discovery responses; produced
documents; interrogatory answers; answers to requests for admissions; and
privilege logs in the possession or control of Organon and/or Akzo Nobel)
will be made available by Organon and/or Akzo Nobel for inspection and
copying by Co-Lead Counsel for the Consolidated End-Payor Actions and
Co-Lead Counsel for the Consolidated Direct Purchaser Class Actions no
later than 10 business days after the entry of the Addendum to the
Protective Order dated February 25, 2002, in substantially the form
submitted.

(b)    End-Payor Discovery Schedule. No later than June 25,
2003, the Co-Lead counsel for the Consolidated End-Payor Class Actions
shall serve document requests and other types of discovery consistent with
and within the scope of the Federal Rules of Civil Procedure. In drafting
its discovery requests, Co-Lead Counsel for the End-Payor Plaintiffs shall
confer with Co-Lead Counsel in the Direct Purchaser Actions and Counsel

20

for the Patent Counterclaimants in a good-faith effort to create joint or coordinated nonduplicative discovery requests.

(c)    Patent Counterclaimant Discovery Schedule. No later than June 25, 2003, Counsel of Record in the Patent Actions shall serve document requests and other types of non-duplicative discovery regarding the antitrust counterclaims and any and all defenses thereto consistent with and within the scope of the Federal Rules of Civil Procedure. In drafting their discovery requests, the Patent Counterclaimants shall confer with Co-Lead Counsel for the End-Payor and Co-Lead Counsel in the Direct Purchaser Actions in a good-faith effort to create joint or coordinated nonduplicative discovery requests.

(d)    No later than August 8, 2003, Organon and Akzo Nobel shall produce:

(i)    good-faith responses and objections to any outstanding discovery requests addressed in ¶¶39(b) and (c);

(ii)    good-faith document productions in response to the outstanding document requests addressed in ¶¶39(b) and (c);

21

(iii)    good-faith    responses    to    any    pending

interrogatories;

(iv)    a log listing any responsive documents sought

by the discovery requests addressed in ¶¶39(b) and (c) which

Organon and/or Akzo have redacted or withheld completely

based on attorney-client  privilege, attorney work product

doctrine and/or claims of contractual confidentiality or

confidentiality imposed by a Court other than in these

Coordinated Actions.  That log should provide all of the

information required by the applicable Local Civil Rules of

the United States District Court for the District of New Jersey

and Federal Rules of Civil Procedure.

(e)    Effect of This Order on Discovery

Obligations.  Nothing in this Order shall be deemed an

advance ruling on the propriety of any discovery request or

objection thereto.

(f)    Direct Purchaser Discovery Schedule.  No

later than June 30, 2003, Organon and Akzo Nobel shall

22

produce the types of information listed in ¶39(d) in

response to the discovery requests that were served by

Counsel for the Direct Purchaser Action on or about March

27, 2003.  No later than July 7, 2003, Counsel for the

Direct Purchaser Action shall serve document requests and

other types of discovery consistent with and within the

scope of Federal Rules of Civil Procedure.  In drafting its

discovery requests, Co-Lead Counsel for the Direct

Purchaser Actions shall confer with Co-Lead Counsel in the

Consolidated End-Payor Actions and Counsel for the Patent

Counterclaimants in a good-faith effort to create joint or

coordinated nonduplicative discovery requests.  Responses

to said discovery shall be provided no later than August 29,

2003.

(g)    Third Party Discovery Schedule.  Beginning

June 16, 2003, all parties shall be allowed to initiate

discovery of third parties.

(h)    Class Certification Motion Schedule.

Plaintiffs in the Direct Purchaser Action and the End-Payor

Action shall each serve and file a motion for class

23

certification no later than August 29, 2003. Defendants

shall file joint responses to the class certification motion no

later than October 6, 2003. Plaintiffs in the Direct

Purchaser Action and the End-Payor Action shall file their

reply papers on class certification issues no later than

October 27, 2003.

     (i)    All fact discovery shall be completed by

December 31, 2003, unless extended by the Court for good

cause shown.

     (j)    With regard to expert reports contemplated by Rule

26(a)(2)(B), any party wishing to introduce expert evidence or testimony at

trial regarding an issue which the party has an affirmative burden to

establish shall serve  on opposing counsel reports from such expert(s) no

later than February 27, 2004. The party receiving an expert report shall

complete such expert depositions and serve an opposition report no later

than April 26, 2004. The party who initially served the expert report shall

complete opposition depositions discovery and serve any rebuttal reports

no later than June 25, 2004.

     (k)    In conducting written and deposition discovery, all

plaintiffs, Direct and End-Payor plaintiffs, and all Patent Counterclaimants

shall coordinate their efforts to minimize duplication and inconvenience to parties and witnesses. Communications in this regard between counsel for the Consolidated Direct Purchaser Class Actions, the Consolidated End Payor Class Actions and/or the Patent Actions shall not constitute a waiver of the attorney work product privilege, attorney client privilege or any other privilege or confidentiality claims.

(l)     When producing documents or information in any of the Coordinated Actions, Organon and Akzo Nobel shall simultaneously produce and/or make available such discovery to all of the Co-Lead Counsel or with respect to the Patent Actions to the Lead Counsel. All discovery obtained by any plaintiff in any of the Coordinated Actions and/or the Patent Counterclaimants may be shared by that plaintiff/counterclaimant with any other plaintiff/counterclaimant in the Coordinated Actions, subject to compliance with applicable protective orders and any other orders of the Court. All discovery obtained by Akzo Nobel and Organon in any of the Coordinated Actions shall be deemed discovered in each of the Coordinated Actions.

(m)     Depositions. Regarding coordination of efforts to minimize duplication and inconvenience to the parties and witnesses, Counsel for Organon and Akzo Nobel and plaintiffs' Direct and End-Payor Co-Lead Counsel, respectively and the Patent Counterclaimants' Counsel shall consult in noticing and scheduling depositions.

25

(n)     Deposition Protocol. The seven hour time limit for depositions under Fed. R. Civ. P. 30(d)(2) shall not apply in this case.[1] Rather, consistent with the March 13, 2002 Order of Magistrate Judge Chesler in Organon Inc. v. Ivax Pharmaceuticals, Civil Action No. 02-0189 and Organon Inc. v. Amide Pharmaceuticals, Inc., Civil Action No. 02-0190, the End-Payor plaintiffs, Direct Purchaser plaintiffs and all Patent Counterclaimants shall make every effort to complete their collective examination of each witness within a single day. If that is not feasible, examination of each witness shall be extended into a second day. This examination shall include any direct examination by the End-Payor plaintiffs, Direct Purchaser plaintiffs and/or Patent Counterclaimants as well as any recross examination by Organon and/or Akzo Nobel. Examination by counsel for Akzo Nobel and Organon must be completed by the end of the second day. A "day" shall consist of seven hours, exclusive of any recess for lunch. Time consumed in attorney colloquy and periodic recesses taken throughout the day shall be included in calculating the seven hours. Counsel shall cooperate and use their best efforts to minimize the duration and number of recesses. Communications between counsel for the Consolidated Direct Purchaser Class Actions, the Consolidated

---

[1] The court notes that on April 22, 2003, the Court intended to state that it would not limit the parties to a single 7 hour period for each deposition but did not rule that there would be no limitations and stated that it wanted to review Judge Chesler's previous orders.

26

End-Payor Class Actions, Mylan, Teva and Alphapharm
shall not constitute a waiver of the attorney work-product
privilege, attorney-client privilege or any other privilege or
confidentiality claims.

(o)    Counsel shall make good-faith attempts to avoid
unnecessary duplicative questioning of witnesses. End-Payor and Direct
Purchaser plaintiffs and Counterclaimants will designate a lead attorney to
examine the witness first in a deposition. Upon completion of the lead
examiner's questions, other parties will have an opportunity to ask
non-duplicative questions during the deposition. The parties will have an
opportunity for re-direct or re-cross examination in the same order.

(p)    <u>Treatment of Patent Action Depositions in
the Coordinated Actions.</u> Depositions conducted
heretofore or hereafter in the Direct Purchaser cases,
End-Payor and Patent Actions shall be treated as though
taken in each. A deposition of a witness noticed in one of
the aforementioned cases shall be deemed noticed in the
others and a second deposition of that witness may not be
taken without approval of the Court or agreement of all
counsel.

27

(q)    Interrogatories. The Direct and End-Payor Plaintiffs and Patent Counterclaimants shall be allowed 25 joint interrogatories under Rule 33. The Direct and End-Payor Plaintiffs and Patent Counterclaimants shall each be permitted 5 individual interrogatories under Rule 33. Defendants together shall be entitled to serve 25 joint interrogatories in each of the Consolidated Direct Purchaser actions, the Consolidated End-Payor actions, and the Patent Actions respectively. Co-Lead Counsel for Direct and End-Payor Plaintiffs and Patent Counterclaimants shall confer to avoid duplication.

(r)    Request for Production of Documents. Lead Counsel and Co-Lead Counsel for Direct and End-Payor Plaintiffs and Patent Counterclaimants shall confer with respect to all document requests to avoid duplication and the undue burden imposed by successive document searches. Co-Lead Counsel for Direct and End-Payor Plaintiffs and Counsel of Record for Patent Counterclaimants shall make a good-faith effort to serve joint document requests upon Organon and Akzo Nobel.

## VII.   FILING AND SERVICE OF DOCUMENTS

40.   Modification of CMO.  Notwithstanding the foregoing undertakings to coordinate activities in the Coordinated Actions, each party in each of the Coordinated Actions reserves its right to, seek an order from the Court modifying this CMO.

41.   Mandatory Meet and Confer of Counsel.  Should a discovery dispute arise in the Direct Purchaser Actions, the End-Payor Actions and/or the Patent Actions, the respective counsel shall conduct a mandatory meet and confer of counsel, which may take place via teleconference in an effort to resolve the dispute.  If no resolution is reached, upon a written representation that such meet and confer took place but no amicable resolution can be reached, Counsel may then bring the dispute to this Court via a letter brief or other written submission as deemed appropriate by this Court.  Nothing in this paragraph shall prevent or preclude a party from requesting a telephonic conference or hearing with the Court to address a dispute during the course of a deposition.

42.   Summary Judgment Motions.  Summary Judgment motions, if any, shall be made no later than August 27, 2004.  Any response shall be submitted no later than October 8, 2004 and any reply shall be submitted no later than November 1, 2004.  The parties are directed to submit joint briefs to the extent similar issues are raised.

43.   Pleadings, Orders and Other Documents Sent to Court.  A copy of each pleading, order and/or other document sent to the Court in any of the Coordinated Actions will be provided to Plaintiffs' Liaison and Co-Lead Counsel in the Consolidated Direct Purchaser Actions and in the Consolidated End-Payor Class Actions; Counsel of Record for the Patent Counterclaimants; and Counsel of Record for Akzo Nobel and Organon

29

subject to applicable protective orders.

44.    The next conference before this Court shall be held September 25, 2003 at 9:30 a.m.

45.    <u>Pro Hac Vice Applications</u>.  The parties are directed to seek the consent of their adversaries before making a motion for the Pro Hac Vice admission of an attorney and state in the certification whether or not consent has been obtained.


Honorable Patty Shwartz
United States Magistrate Judge

30

## SCHEDULE A

## Direct Purchaser Class Actions

1.  *Meijer, Inc. v. Organon Inc. And Akzo Nobel N.V.,*
    *Civ. No.03-cv-0085*

2.  *Louisiana Wholesale Drug Company, Inc. v. Organon Inc. And Akzo Nobel N.V.,*
    *Civ. No.03-cv-0323*

## SCHEDULE B

### End-Payor Purchaser Class Actions

1.  United Food and Commercial Workers Local 56 Health and Welfare Fund and Board of Trustees of the United Food and Commercial Workers Local 56 Health and Welfare Fund individually, and on behalf of themselves and all others similarly situated, v. Organon, Inc. And Akzo Nobel N.V.

2.  Vista Healthplan, Inc. v. Organon Inc. And Akzo Nobel N.V.

3.  Gayle Taylor v. Organon Inc. And Akzo Nobel N.V.

4.  Mary Kueser v. Organon Inc. And Akzo Nobel N.V.

5.  Diannoe Mason v. Organon Inc. And Akzo Nobel N.V.

6.  Roberta Kapella v. Organon Inc. And Akzo Nobel N.V.