**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

-----------------------------------------------------------------x

**SAJ DISTRIBUTORS, INC.
3017 North Midland Drive
Pine Bluff, Arkansas 71603**

**AND**

**STEPHEN L. LaFRANCE
HOLDINGS, INC.
3017 North Midland Drive
Pine Bluff, Arkansas 71603**

**Individually and on behalf of all
others similarly situated,**

       **Plaintiffs,**

       **v.**

**WARNER CHILCOTT HOLDINGS
COMPANY III, LTD.,**

**WARNER CHILCOTT CORPORATION,**

**WARNER CHILCOTT (US) INC.,**

**GALEN (CHEMICALS) LTD.,**

**and**

**BARR PHARMACEUTICALS, INC.,**

       **Defendants.**

-----------------------------------------------------------------x

**Civil Action No. 05-2459 (CKK)**

**Judge Colleen Kollar-Kotelly**

**JURY TRIAL DEMANDED**

**DEFENDANT WARNER CHILCOTT'S
<u>ANSWER TO CLASS ACTION COMPLAINT</u>**

Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Galen (Chemicals), Ltd. (collectively, "Warner Chilcott") answer the allegations of SAJ Distributors, Inc. and Stephen L. LaFrance Holdings, Inc. (collectively "Plaintiffs") in their Class Action Complaint ("Complaint") as follows:

**PLAINTIFFS' ALLEGATION**

1.      Plaintiffs, SAJ Distributors, Inc. and Stephen L. LaFrance Holdings, Inc. (collectively "Plaintiffs"), bring this antitrust action against Defendants for violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, in the market for generic Ovcon 35 ("Ovcon").

**ANSWER**

Paragraph 1 of the Complaint is a description of Plaintiffs' claims to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 1 of the Complaint.

**PLAINTIFFS' ALLEGATION**

2.      Plaintiffs bring this lawsuit as a class action on behalf of all individuals and entities that purchased Ovcon from April 22, 2004 to a date to be determined ("the Class Period") in the United States directly from Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., or Galen (Chemicals) Ltd. (collectively "Warner Chilcott"). Warner Chilcott and Barr Pharmaceuticals, Inc. ("Barr") are hereinafter referred to as "Defendants" unless otherwise specified. Plaintiffs allege that Defendants illegally agreed to keep a generic version of Ovcon off the market, preventing Plaintiffs from purchasing this less expensive product.

**ANSWER**

Paragraph 2 of the Complaint is a description of Plaintiffs' claims to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 2 of the Complaint, and further denies that it has engaged in any unlawful conduct whatsoever.

2

**PLAINTIFFS' ALLEGATION**

3.    The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1337(a) and 15 U.S.C. § 15. Venue is proper within this District under 15 U.S.C. § 22.

**ANSWER**

Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 3 of the Complaint.

**PLAINTIFFS' ALLEGATION**

4.    Plaintiff Stephen L. LaFrance Holdings, Inc. ("LaFrance") is a holding company with interests in retail and wholesale drug stores and distribution. LaFrance's corporate office is located in Pine Bluff, Arkansas.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 4 of the Complaint.

**PLAINTIFFS' ALLEGATION**

5.    Plaintiff SAJ Distributors, Inc. ("SAJ") is a wholly owned subsidiary of LaFrance and is LaFrance's distribution company with interests in retail and wholesale drug distribution. SAJ's corporate office is located in Pine Bluff, Arkansas. SAJ and LaFrance ("Plaintiffs") are the assignees of McKesson Corp., which purchased Ovcon directly from the Defendant and was injured by the illegal conduct alleged herein.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 5 of the Complaint, except admits that McKessson

Corp. purchased Ovcon 35 ("Ovcon") from Warner Chilcott.  Warner Chilcott further denies that

Plaintiffs were injured whatsoever.


**PLAINTIFFS' ALLEGATION**

6.    Defendant Warner Chilcott Holdings Company III, Ltd. is a privately owned, for profit company organized, existing, and doing business under and by virtue of the laws of Barbuda, with its office and principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey 07866-2129.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 6 of the Complaint,

except admits that Warner Chilcott Holdings Company III, Ltd. is a privately-owned, for-profit

enterprise organized, existing, and doing business under and by virtue of the laws of Bermuda,

with its registered office located at Canon's Court, 22 Victoria Street, Hamilton HM12 Bermuda.


**PLAINTIFFS' ALLEGATION**

7.    Warner Chilcott Holdings Company III, Ltd., through its direct and indirect subsidiaries, is engaged in the discovery, development, manufacturing, and distribution of pharmaceutical products in the United States, including Ovcon.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 7 of the Complaint,

except admits that Warner Chilcott Holdings Company III, Ltd.'s subsidiaries are engaged in the

discovery, development, manufacturing, and distribution of pharmaceutical products in the

United States.

4

**PLAINTIFFS' ALLEGATION**

8.    Defendant Warner Chilcott Corporation is a wholly owned indirect subsidiary of Warner Chilcott Holdings Company III, Ltd., and is the direct 100% shareholder of Warner Chilcott (U.S.) Inc. Warner Chilcott Corporation is organized, existing and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey 07866-2129.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 8 of the Complaint.

**PLAINTIFFS' ALLEGATION**

9.    Defendant Warner Chilcott (U.S.) Inc. is a wholly owned subsidiary of Warner Chilcott Corporation. Warner Chilcott (U.S.) Inc. is organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey 07866-2129.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 9 of the Complaint.

**PLAINTIFFS' ALLEGATION**

10.    Defendant Galen (Chemicals) Ltd. is organized, existing, and doing business under and by virtue of the laws of the Republic of Ireland. Galen Chemicals is directly owned or controlled by Warner Chilcott Holdings Company III, Ltd. Galen Chemicals entered into the anticompetitive agreement that prevents Barr's generic Ovcon entry challenged herein.

**ANSWER**

Warner Chilcott admits the allegations contained in the first sentence of

Paragraph 10 of the Complaint.  Warner Chilcott denies the remaining allegations contained in

Paragraph 10 of the Complaint, except admits that Galen (Chemicals) Limited is indirectly

owned by Warner Chilcott Holdings Company III, Ltd., and further admits that Galen

5

(Chemicals) Limited executed an option agreement with Barr on March 24, 2004.  Warner

Chilcott respectfully refers the Court to the option agreement for the terms thereof.

**PLAINTIFFS' ALLEGATION**

11.     Collectively, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (U.S.), and Galen (Chemicals) Ltd. are known hereinafter as the "Warner Chilcott Defendants."

**ANSWER**

Paragraph 11 of the Complaint is a description of Plaintiffs' claims to which no

response is required.

**PLAINTIFFS' ALLEGATION**

12.     Defendant Barr is a corporation organized, existing, and doing business under and by virtue of the laws of the State of Delaware. Barr's office and principal place of business is located at 2 Quaker Road, P.O. Box 2900, Pomona, New York 10970-0519.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 12 of the Complaint.

**PLAINTIFFS' ALLEGATION**

13.     Barr is engaged in the business of, among other things, developing, manufacturing, marketing, and distributing generic oral contraceptive products. In the twelve months ending June 30, 2004, Barr had net revenues of approximately $349 million and net income of approximately $123 million.

**ANSWER**

Warner Chilcott admits the allegations contained in the first sentence of

Paragraph 13 of the Complaint.  Warner Chilcott denies knowledge or information sufficient to

6

form a belief as to the truth of each and every allegation contained in the second sentence of Paragraph 13 of the Complaint.

**PLAINTIFFS' ALLEGATION**

14.    The relevant product market is the market for the sale of Ovcon 35 and its AB rated generic equivalents.

**ANSWER**

Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 14 of the Complaint.

**PLAINTIFFS' ALLEGATION**

15.    The relevant geographic market is the United States as a whole.

**ANSWER**

Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 15 of the Complaint.

**PLAINTIFFS' ALLEGATION**

16.    At all relevant times, Warner Chilcott's market share in the relevant product and geographic markets was 100%.

**ANSWER**

Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 16 of the Complaint.

**PLAINTIFFS' ALLEGATION**

17.    The Federal Food, Drug and Cosmetic Act ("FDCA") regulates the manufacture and distribution of drugs and medical devices in the United States, 21 U.S.C. § 301 et seq. Under the FDCA, premarket approval by the Food and Drug Administration ("FDA") is required before a company may begin selling a new drug, often referred to as a "pioneer" or "branded" drug, in interstate commerce in the United States. 21 U.S.C. § 355(a). Premarket approval for a new drug must be sought by filing a new drug application ("NDA") with the FDA under § 355(b) of the FDCA, demonstrating that the drug is safe and effective for its intended use.

**ANSWER**

Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott admits that the Federal Food, Drug, and Cosmetics Act, 21 U.S.C. § 301 *et seq*., has procedures concerning pharmaceuticals sold in the United States.

**PLAINTIFFS' ALLEGATION**

18.    Once the FDA approves the safety and effectiveness of a new prescription drug, it may be used in the United States only under the direction and care of a doctor who writes a prescription specifying the drug, which must be purchased from a licensed pharmacist. The pharmacist will then dispense the drug specified by the physician unless a generic version is available that has been approved by the FDA for substitution as the bioequivalent of the prescription drug.

**ANSWER**

The first sentence of Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies

knowledge or information sufficient to form a belief as to the truth of each and every allegation

contained in the first sentence of Paragraph 18 of the Complaint.  Warner Chilcott denies each

and every allegation contained in the second sentence of Paragraph 18 of the Complaint

**PLAINTIFFS' ALLEGATION**

19.    Generic drugs are drugs that the FDA has found to be "bioequivalent" to their
corresponding brand name drugs. A generic drug is bioequivalent if it provides the identical
therapeutic benefits and has the same active chemical composition as its brand name counterpart.
When a generic drug is completely equivalent to a brand name drug, the FDA assigns the generic
drug an "AB" rating.

**ANSWER**

Paragraph 19 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is required, Warner Chilcott denies knowledge or information

sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 19

of the Complaint.

**PLAINTIFFS' ALLEGATION**

20.    Generic drugs are invariably priced substantially below the branded drugs to
which they are bioequivalent. Typically, the first generic drug is sold at a modest discount
compared to the brand name drug, with discounts increasing as more companies begin selling the
generic. As additional generic competitors come to market, the price of the generic equivalents
continues to fall, and the combined market share of the generic manufacturers continues to grow.
In some cases, generic competitors sell products equivalent to brand name prescription drugs for
as little as 15 percent of the price of the brand name drug, and capture as much as 90 percent of
the market for that drug. Unless the branded manufacturer lowers prices to meet competition, a
branded drug loses a significant portion of its market share to generic competitors less than a
year after the introduction of generic competition.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 20 of the Complaint.

**PLAINTIFFS' ALLEGATION**

21.     Moreover, if a lower-priced generic version of a brand name drug exists, and the physician has not specifically indicated on the prescription "dispense as written" (or a similar instruction), typically, the pharmacist will substitute, or at least offer to substitute, the generic drug.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 21 of the Complaint.

**PLAINTIFFS' ALLEGATION**

22.     Once a physician writes a prescription for a brand name drug such as Ovcon, that prescription defines and limits the market to the brand name drug or its AB-rated generic equivalent. A pharmacist may substitute only drugs that carry the FDA's AB generic rating for a physician's prescription for a brand name drug.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 22 of the Complaint.

**PLAINTIFFS' ALLEGATION**

23.     The Hatch-Waxman Amendments provide that companies may seek approval to produce and market a generic form of a previously approved or "pioneer" drug by filing an Abbreviated New Drug Application ("ANDA") that relies on the safety and effectiveness findings reported in the NDA for the previously approved drug.

**ANSWER**

Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the

10

Complaint, except admits that the Drug Price Competition and Patent Term Restoration Act of 1984 ("Hatch-Waxman Act"), Pub. L. No. 98-417, 98 Stat. 1585 (1984), has procedures concerning generic pharmaceuticals.

## PLAINTIFFS' ALLEGATION

24.    This case is about an illegal agreement not to compete in the market for the drug Ovcon 35 and its AB rated generic equivalents, made between a brand name drug manufacturer, Warner Chilcott, and its only prospective generic competitor, Barr.

## ANSWER

Paragraph 24 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 24 of the Complaint.

## PLAINTIFFS' ALLEGATION

25.    Ovcon 35, an oral contraceptive, was introduced in 1976.

## ANSWER

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except admits that Ovcon was approved by the FDA in approximately 1976, and further admits that Ovcon is an oral contraceptive.

## PLAINTIFFS' ALLEGATION

26.    Warner Chilcott acquired the rights to Ovcon from Bristol-Myers Squibb Company in February 2000. Bristol-Myers Squibb Company agreed to and has supplied Ovcon to Warner Chilcott since that time.

**ANSWER**

      Warner Chilcott denies the allegations contained in Paragraph 26 of the

Complaint, except admits that Warner Chilcott acquired the rights to Ovcon from Bristol-Myers

Squibb Company ("BMS"), and further admits that BMS has supplied Ovcon to Warner Chilcott.

**PLAINTIFFS' ALLEGATION**

      27.    Ovcon is not subject to any patent protection.

**ANSWER**

      Warner Chilcott admits the allegations contained in Paragraph 27 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

      28.    As one of Warner Chilcott's highest revenue-producing products, Ovcon is a
valuable asset to the company. For the fiscal year ending September 30, 2003, product revenue
for Ovcon was $58.6 million dollars, making Ovcon one of the company's top three performing
products. In 2005, Ovcon product revenue for three months was $22.8 million dollars, up $5.4
million from 2004, which reflected a 30.8% increase in product revenue.

**ANSWER**

      Warner Chilcott denies the allegations contained in the first sentence of Paragraph

28 of the Complaint, except admits that Ovcon is one of Warner Chilcott's highest revenue-

producing products, and further admits that Ovcon is a valuable asset to the company.  Warner

Chilcott admits the allegations contained in the second sentence of Paragraph 28 of the

Complaint.  Warner Chilcott denies knowledge or information sufficient to form a belief as to the

truth of each and every allegation contained in the third sentence of Paragraph 28 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

29.     Warner Chilcott sells Ovcon at a price considerably above its cost of acquiring the product.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 29 of the

Complaint, except admits that Warner Chilcott sells Ovcon at a price above its cost.

**PLAINTIFFS' ALLEGATION**

30.     In September 2001, Barr filed an ANDA with the FDA for approval to sell an AB-rated generic version of Ovcon 35.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 30 of the Complaint.

**PLAINTIFFS' ALLEGATION**

31.     In January 2003, planning to vie for a portion of the Ovcon market by selling its generic Ovcon at roughly 30% less than the price of Warner Chilcott's branded Ovcon, Barr publicly announced its intention to market generic Ovcon once it received FDA approval.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 31 of the Complaint.

**PLAINTIFFS' ALLEGATION**

32.     The potential entry of Barr's lower priced generic Ovcon threatened to diminish Warner Chilcott's branded Ovcon sales by roughly 50% in the first year alone.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 32 of the Complaint.

**PLAINTIFFS' ALLEGATION**

33.    By Warner Chilcott's projections, its net revenues from the sale of branded Ovcon would decline by at least $100 million over a three-year period as a result of prescriptions lost to generic Ovcon.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 33 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

34.    Warner Chilcott planned to protect its Ovcon revenues from generic competition by introducing Ovcon Chewable, a chewable form of branded Ovcon, before generic entry occurred. However, it became unlikely that the FDA would finally approve the chewable product in time.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 34 of the

Complaint, except admits that Warner Chilcott has developed a new, innovative, patented

product, Ovcon Chewable**.**

**PLAINTIFFS' ALLEGATION**

35.    In May 2003, Warner Chilcott's chief financial officer suggested to the company's Board of Directors that generic Ovcon entry was the "biggest risk to the company.

14

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 35 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

36.    In August 2003, Barr and Warner Chilcott discussed a possible business arrangement under which Barr would agree to refrain from competing in the United States with its generic Ovcon product.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 36 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

37.    On September 10, 2003, Warner Chilcott and Barr executed a letter of intent, which formed the basis of the anticompetitive agreement. Under the letter of intent, Warner Chilcott would pay Barr $20 million in exchange for Barr agreeing not to compete in the United States for five years with its generic Ovcon product when Barr received final FDA approval. Instead, Barr would agree to be available as a second supplier of Ovcon to Warner Chilcott with Bristol Myers Squibb if Warner Chilcott so requested.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 37 of the

Complaint, except admits that on September 10, 2003 Warner Chilcott and Barr executed a letter

of intent.  Warner Chilcott respectfully refers the Court to the letter of intent for the terms

thereof.

## PLAINTIFFS' ALLEGATION

38.     In February 2004, Federal Trade Commission staff notified Warner Chilcott and Barr that it intended to investigate the agreement outlined in their letter of intent because of its significant potential to reduce competition by preventing the only generic alternative to Ovcon from entering the market.

## ANSWER

Warner Chilcott denies the allegations contained in Paragraph 27 of the

Complaint, except admits that in February 2004 the FTC Healthcare Division advised Warner

Chilcott that it intended to investigate the Ovcon transactions outlined in the letter of intent.

## PLAINTIFFS' ALLEGATION

39.     In March 2004, Defendants signed their Final Agreement implementing the letter of intent. For $1 million, Barr granted Warner Chilcott an option to acquire a five-year exclusive license under Barr's ANDA for which Ovcon is the reference drug. If Warner Chilcott chose to exercise the option agreement, Warner Chilcott would pay Barr an additional $19 million.

## ANSWER

Warner Chilcott denies the allegations contained in Paragraph 46 of the

Complaint, except admits that Warner Chilcott and Barr entered into an option agreement on

March 24, 2004, and further admits that Warner Chilcott paid Barr $1 million in consideration

for the option.  Warner Chilcott respectfully refers the Court to the option agreement for the

terms thereof.

## PLAINTIFFS' ALLEGATION

40.     The FDA approved Barr's ANDA to produce and market generic Ovcon on April 22, 2004 at which time Barr had the capability to market generic Ovcon in the United States. On April 23, 2004 Barr publicly announced its intention to market generic Ovcon if Warner Chilcott chose not to exercise its exclusive license option.

16

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the first sentence of Paragraph 40 of the Complaint,

except denies that Barr had the capability to market generic Ovcon in the United States on April

22, 2004.  Warner Chilcott denies the allegations contained in the second sentence of Paragraph

40 of the Complaint, except admits that Barr publicly contemplated marketing a generic version

of Ovcon if Warner Chilcott did not exercise its option, subject to certain risks and uncertainties

associated with making generic Ovcon commercially available.


**PLAINTIFFS' ALLEGATION**

41.    On May 4, 2004, Warner Chilcott exercised its option and paid Barr the additional
$19 million. At the same time, Warner Chilcott entered into a finished-product supply agreement
with Barr under which Barr agreed to provide Warner Chilcott with its requirements for finished
products throughout the term of the license. Barr has begun supplying Ovcon to Warner Chilcott
and will be Warner Chilcott's sole source of supply for the product.

**ANSWER**

Warner Chilcott denies the allegations contained in the first sentence of Paragraph

41 of the Complaint, except admits that Warner Chilcott exercised the option, and further admits

that Warner Chilcott paid Barr $19 million upon the exercise of the option.  Warner Chilcott

denies the remaining allegations contained in Paragraph 41 of the Complaint, except admits that

Warner Chilcott entered into a finished-product supply agreement with Barr, and further admits

that Barr has begun supplying Ovcon to Warner Chilcott.  Warner Chilcott respectfully refers the

Court to the option and supply agreements for the terms thereof.

17

**PLAINTIFFS' ALLEGATION**

42.    Without the agreement, Barr would have started selling generic Ovcon shortly after receiving final FDA approval in April 2004.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, except denies that Barr had the capability to market a generic Ovcon shortly after obtaining FDA approval.

**PLAINTIFFS' ALLEGATION**

43.    The Final Agreement prohibits Barr from selling generic Ovcon for five years, or until approximately May 2009. At the end of the five-year term, Warner Chilcott can extend the license on a non-exclusive basis for an additional five-year period.

**ANSWER**

Warner Chilcott denies each and every allegation contained in the first sentence of Paragraph 43 of the Complaint.  Warner Chilcott admits the allegations contained in the second sentence of Paragraph 43 of the Complaint and respectfully refers the Court to the option agreement for the terms thereof.

**PLAINTIFFS' ALLEGATION**

44.    Instead of competing, Defendants agreed to a horizontal market allocation and have committed a per se violation of the Sherman Act. Defendants agreed to allocate the entire market for Ovcon to Warner Chilcott with Barr as the sole supplier. This agreement has robbed purchasers of the choice of a lower-cost generic alternative to Warner Chilcott's higher-priced branded Ovcon 35.

**ANSWER**

        Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 44 of the Complaint.

**PLAINTIFFS' ALLEGATION**

    45.    No other pharmaceutical companies are approved by the FDA to sell a generic version of Ovcon.

**ANSWER**

        Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 45 of the Complaint.

**PLAINTIFFS' ALLEGATION**

    46.    The agreement between Warner Chilcott and Barr has harmed class members by preventing them from purchasing a lower priced generic version of Ovcon and allowed Defendants to reap supra-competitive prices.

**ANSWER**

        Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 46 of the Complaint.

**PLAINTIFFS' ALLEGATION**

    47.    Plaintiffs bring this action on their own and, under Rule 23(b)(3) of the Federal Rules of Civil Procedure, with respect to damages sought herein, as representatives of a class (the "Class") defined as follows:

All individuals or entities in the United States that directly purchased Ovcon 35 from the Warner Chilcott Defendants or their subsidiaries at any time from April 22, 2004 until at least the date of filing.

Excluded from the above classes are governmental entities and Defendants and their respective subsidiaries and affiliates.

**ANSWER**

Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies that Plaintiffs are entitled to any relief whatsoever. Warner Chilcott further denies that this suit can be litigated as class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure or any other rule.

**PLAINTIFFS' ALLEGATION**

48. While the exact size of the Class is unknown to Plaintiffs at the present time, the members of the Class are believed to number in the hundreds and they are geographically dispersed throughout the United States. Thus, members of the Class are numerous and joinder is impracticable.

**ANSWER**

Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 48 of the Complaint.

**PLAINTIFFS' ALLEGATION**

49. Plaintiffs' claims are typical of the Class. Plaintiffs and all members of the Class were damaged by the same wrongful conduct of Defendants.

20

**ANSWER**

        Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of Paragraph 49 of the Complaint, and denies the remaining allegations contained in Paragraph 49 of the Complaint.

**PLAINTIFFS' ALLEGATION**

    50.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The interests of Plaintiffs are not antagonistic to the Class.

**ANSWER**

        Paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 50 of the Complaint.

**PLAINTIFFS' ALLEGATION**

    51.    Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action antitrust litigation.

**ANSWER**

        Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 51 of the Complaint.

**PLAINTIFFS' ALLEGATION**

52.    Questions of law and fact common to the Class include:

(a)    Whether the agreement is a *per se* violation of the Sherman Act;

(b)    Whether the agreement caused prices to be at artificially high and non-competitive levels; and

(c)    Whether Plaintiffs and other Class members were injured by the agreement and, if so, the appropriate class-wide measure of damages.

**ANSWER**

Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 52 of the Complaint.

**PLAINTIFFS' ALLEGATION**

53.    Class action treatment is a superior method for the fair and efficient adjudication of the controversy.

**ANSWER**

Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies that class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy, and further denies that a class action is the proper vehicle for this action.

**PLAINTIFFS' ALLEGATION**

54.    Plaintiffs know of no difficulty to be encountered in the maintenance of this action as a class action.

22

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 54 of the Complaint.

**PLAINTIFFS' ALLEGATION**

55.    Defendants engaged in unlawful combination and conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, to allocate the market for Ovcon by eliminating generic competition, causing damage to Plaintiffs and the Class members.

**ANSWER**

Paragraph 55 contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 55 of the Complaint.

**PRAYER FOR RELIEF**

**PLAINTIFFS' ALLEGATION**

WHEREFORE, Plaintiffs pray for judgment against Defendants and for the following relief:

(a)    That the Court determine that this action may be maintained as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)    Judgment against Defendants in favor of Plaintiffs and members of the Class for three-fold the amount of damages sustained by Plaintiffs and the Class as allowed by law;

(c)    The costs of this suit, including reasonable attorney fees, as provided by law; and

(d)    That Plaintiffs and the Class members be granted such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

**ANSWER**

WHEREFORE, Warner Chilcott denies that this suit can be litigated as class action, denies that Plaintiffs are entitled to any relief whatsoever, and respectfully requests judgment for Warner Chilcott along with costs and attorneys' fees, as may be allowed by law, and such further relief as the Court deems appropriate.  Furthermore, Warner Chilcott denies every allegation contained in the Complaint not specifically herein admitted.


## AFFIRMATIVE DEFENSES

Warner Chilcott states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiffs.


## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim against Warner Chilcott on which relief can be granted.


## SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.


## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Justification)

Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Warner Chilcott was reasonable, based upon independent, legitimate business and economic justifications, without the purpose or effect of injuring competition.

## SIXTH AFFIRMATIVE DEFENSE
### (Preservation of Business)

Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Warner Chilcott was reasonable in relation to the development and preservation of its business.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Injury to Competition)

Plaintiffs' claims are barred, in whole or in part, because none of Warner Chilcott's actions have injured competition in any relevant market.

## EIGHTH AFFIRMATIVE DEFENSE
**(Pro-Competitive Effects)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott's alleged actions have pro-competitive effects that benefit competition as a whole in any relevant market.  Warner Chilcott's alleged actions increased competition and are in furtherance of trade.

## NINTH AFFIRMATIVE DEFENSE
**(No Consumer Harm)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner Chilcott's alleged actions have harmed consumers.

## TENTH AFFIRMATIVE DEFENSE
**(No Harm to Plaintiffs)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner Chilcott's alleged actions have harmed Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE
**(No Knowledge or Intent)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott had no knowledge, intention or belief that its actions might illegally restrain trade.  Further, Warner Chilcott could not have known that its actions might illegally restrain trade.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Willful, Flagrant or Unconscionable Act)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott did not engage in any willful, flagrant or unconscionable act.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith Reliance)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott relied in good faith on the actions of the Federal Trade Commission.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Notice)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott had no notice that its actions, if any, were illegal.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Concealment)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott did not conceal any of its actions.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Identify Appropriate Markets)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not

properly alleged either a relevant product market or a relevant geographic market.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Market Power)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott has and

had no market power.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott's

actions were not the proximate cause in fact of Plaintiffs' alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent that Plaintiffs have failed to mitigate, minimize or avoid any loss or

damage referred to in the Complaint, any recovery must be reduced by that amount.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Lawful Conduct)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott has acted at all times in conformity with all applicable laws, statutes, ordinances and decrees with respect to Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Not Maintainable as a Class Action)

Plaintiffs' claims are barred, in whole or in part, because the action against Warner Chilcott is not properly maintained as a class action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Antitrust Injury)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Pattern or Practice)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott did not engage in any pattern or practice of illegal activity.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
### **(No Standing)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have

standing.


## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**
### **(Failure to Plead a Proper Party)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to

plead a proper party.


## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**
### **(Reservation of Additional Defenses)**

Warner Chilcott reserves the right to assert additional affirmative defenses as

discovery proceeds.

## JURY DEMAND

Warner Chilcott hereby demands a trial by jury on all claims so triable.


## WARNER CHILCOTT'S PRAYER FOR RELIEF

WHEREFORE, Warner Chilcott prays as follows:

1.      That the Court enter judgment for Warner Chilcott on all counts;

2.      That the Court award Warner Chilcott reasonable costs and expenses

including, but not limited to, attorneys' fees and costs of suit, and such other and further relief as

may be appropriate.




February 21, 2006                          Respectfully submitted,

                              By:     /s/
                                     _____
                                     Kevin J. Arquit, D.C. Bar #438511
                                     Charles E. Koob, *pro hac vice* pending
                                     SIMPSON THACHER & BARTLETT LLP
                                     425 Lexington Avenue
                                     New York, New York 10017
                                     (212) 455-2000

                                     *Counsel for Warner Chilcott Defendants*