UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated<br>Plaintiffs,<br><br>v.<br><br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD.; WARNER CHILCOTT CORPORATION; WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD.; and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2195 (CKK)<br><br>**JURY TRIAL DEMANDED** |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2210 (CKK)<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated, Plaintiff, <br><br> v. <br><br> WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | 05 Civ. 2257 (CKK) <br><br> **JURY TRIAL DEMANDED** |
| VALLEY WHOLESALE DRUG COMPANY, INC., individually and on behalf of all others similarly situated, Plaintiff, <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | 05 Civ. 2321 (CKK) <br><br> **JURY TRIAL DEMANDED** |
| AMERICAN SALES COMPANY, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | 05 Civ. 2335 (CKK) <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| SAJ DISTRIBUTORS, INC. and STEPHEN L. LaFRANCE HOLDINGS, INC., individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>                Defendants. | 05 Civ. 2459 (CKK)<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] ORDER ESTABLISHING A DIRECT PURCHASER PLAINTIFFS' EXECUTIVE COMMITTEE

The Court hereby establishes a Plaintiffs' Executive Committee to act on behalf of all plaintiffs in the above-captioned cases and all related direct purchaser class actions subsequently filed in or transferred to this Court, with responsibilities hereinafter described. The Plaintiffs' Executive Committee shall consist of one attorney from each of the following law firms:

1.     Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
   1100 New York Avenue, NW
   Washington, DC 2005-3964
   Tel: (202) 408-4600

2.     Boies, Schiller & Flexner LLP
   5301 Wisconsin Avenue, NW, Suite 800
   Washington, DC 20015
   Tel: (202) 237-2727

3.     Garwin Gerstein & Fisher LLP
   1501 Broadway, Suite 1416
   New York, NY 10011
   Tel: (212) 398-0055

        4.        Berger & Montague, PC
                  1622 Locust Street
                  Philadelphia, PA 19103
                  Tel: (215) 875-3000

        5.        RodaNast, PC
                  801 Estelle Drive
                  Lancaster, PA 17601
                  Tel: (717) 892-3000

        6.        Hagens Berman Sobol Shapiro LLP
                  One Main Street, 4th Floor
                  Cambridge, MA 02142
                  Tel: (617) 482-3700

B.       All substantive decisions regarding the prosecution, administration, and/or resolution of this litigation shall be made by the Plaintiffs' Executive Committee by consensus. No individual or group shall speak on behalf of Plaintiffs or the proposed class on matters relating to this litigation without first consulting, and receiving explicit authority from, the Plaintiffs' Executive Committee. Notwithstanding the foregoing, any attorney not a member of the Plaintiffs' Executive Committee may discuss with opposing counsel procedural or administrative matters relating solely to his or her client's individual action (*e.g.*, service of process).

C.       The Plaintiffs' Executive Committee is charged with performing, on behalf of all plaintiffs in the above-captioned cases and all related direct purchaser class actions subsequently-filed in or transferred to this Court, administrative matters, such as communications with clerical staff of the Court and with other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), advising parties of developments in the case, and otherwise assisting in the coordination of activities and positions. To the extent that it is helpful to and the Court needs to contact the Plaintiffs' Executive Committee, it may do so through the

2

Washington, D.C. office of Cohen, Milstein, Hausfeld & Toll, P.L.L.C., which, in turn, will relay the communication to the Executive Committee as a whole.

D.  No motion shall be initiated or filed on behalf of any plaintiff in the above-captioned cases or any related direct purchaser class actions subsequently-filed in or transferred to this Court, except through the Plaintiffs' Executive Committee.

E.  All Plaintiffs' counsel in the above-captioned cases and all related direct purchaser class actions subsequently-filed in or transferred to this Court shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses in their respective cases, to the Plaintiffs' Executive Committee, or its designee.

F.  However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

Dated: April ___, 2006                              SO ORDERED:


                                                    _____
                                                    Colleen Kollar-Kotelly, U.S.D.J.

3